J-S87034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WILLIAMS | |
| Appellant | No. 2282 MDA 2015 |

Appeal from the Judgment of Sentence July 8, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001688-2012

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 29, 2016**

Kevin Williams appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following his conviction of robbery,[1] conspiracy to commit robbery,[2] criminal trespass,[3] theft by unlawful taking,[4] receiving stolen property,[5] and conspiracy to commit theft by unlawful taking.[6]  After our review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 3503(a)(1)(i).

[4] 18 Pa.C.S. § 391(a).

[5] 18 Pa.C.S. § 3925(a).
*(Footnote Continued Next Page)*

Williams and his co-conspirator, William Gronosky, entered the Carousel Lounge at 9:00 a.m. on March 15, 2012 and robbed the owner, at gunpoint, of $3,000.00. Co-conspirator Courtney Sadusky drove Williams and Gronosky to the Carousel Lounge, and, after the robbery, she drove them to her parents' home in Bear Creek. Ultimately, Sadusky gave a statement implicating Williams and Gronosky.

At trial, before a jury, Jules Greenberg, the owner of the Carousel Lounge, testified that on March 15, 2012, at approximately 9:15 a.m., he was working in his office at the Carousel Lounge when two individuals rushed in, pushed him over his office chair, and knocked him to the ground. Each was wearing a hoodie and gloves, and had his face covered with a black ski mask. Additionally, each was armed with a large black gun. Because he saw one of the robber's wrists, Greenberg was able to tell police that one of the attackers was black.

Greenberg testified that the two individuals cleaned out two of the business' safes, containing about $3,000.00, and they took his keys, money and cell phone. Both Greenberg and Sadusky testified against Williams. Sadusky, the Commonwealth's key witness, testified that she picked up both Williams and Gronosky at Williams' residence. When they arrived at the Carousel Lounge, she pulled her vehicle behind the business. She testified

*(Footnote Continued)* ────────────

[6] 18 Pa.C.S. § 903.

- 2 -

that when they left the car, Williams and Gronosky went down an embankment into the Carousel Lounge. She saw them exit the lounge with their pockets stuffed and things hanging from their waists. She drove them to her mother and stepfather's house, in Bear Creek, where they went through the money and other items. Sadusky was paid $85 to drive. She then drove the two to the Wyoming Valley Mall, but the guns, gloves and the bank bag taken from the lounge and the bag where the items were placed were left in Sadusky's car. Although Williams and Gronosky had told her to get rid of the items, Sadusky kept them in her closet in the home she shared with her biological father. Sadusky then returned to the Wyoming Valley Mall, picked up Williams and Gronosky, and brought them back to Williams' residence.

The jury convicted Williams of all charges, and the court sentenced Williams to an aggregate term of 10 to 20 years' imprisonment. Williams filed post-sentence motions, which the trial denied on August 29, 2013. On direct appeal, this Court affirmed, finding Williams had failed to preserve any issues for appellate review. ***Commonwealth v. Williams***, 1795 MDA 2013, filed August 26, 2014 (unpublished decision). On April 17, 2015, Williams filed a motion for post-conviction relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9741-46 ("PCRA"). The PCRA court granted relief, reinstating Williams' appellate rights *nunc pro tunc*, and Williams filed a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal. The trial court filed a Rule 1925(a) opinion.

On appeal, Williams raises three issues:

1. Was the evidence at trial, even when viewed in a light most favorable to the Commonwealth, insufficient as a matter of law to establish [Williams'] guilt beyond a reasonable doubt with respect to all offenses, counts 1-6, where the Commonwealth failed to establish that [Williams] engaged in the alleged conduct or was the perpetrator of each offense?

2. Was the verdict on all charges, counts 1-6, contrary to the weight of the evidence presented to support a finding of guilt beyond a reasonable doubt to establish that [Williams] engaged in the alleged conduct or was the perpetrator of each offense?

3. Whether [Williams] received an illegal sentence, pursuant to 42 Pa.C.S.A. § 9712, in the nature of a five (5) year mandatory minimum sentenced on Count 1, robbery, contrary to *Alleyne v. U.S.*, 133 S. Ct. 2151 (2013) and *Commonwealth v. Newman*, 99 A.3d 83 (Pa. Super. 2014) and their progeny?

Appellant's Brief, at 4.

With respect to Williams' sufficiency claim, our standard of review is well-settled: whether, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence at trial was sufficient to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Gonzalez,* 109 A.3d 711, 716 (Pa. Super. 2015). This Court may not re-weigh the evidence and substitute our judgment for the fact-finder. In addition, the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Id.* "Any doubts regarding a defendant's guilt may be resolved

by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id*. (citation omitted). Further, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Id.* The trier of fact is free to believe all, part, or none of the evidence adduced at trial. *Commonwealth v. Fahy*, 516 A.2d 689 (Pa. 1986).

Here, the evidence presented at trial, in particular the testimony of Sadusky and Greenberg, established that Williams, in the course of committing a theft, threatened another with or intentionally put that person in fear of immediate serious bodily injury. 18 Pa.C.S. § 3701(a)(1)(ii). Citing inconsistencies in testimony, Williams argues that the Commonwealth did not prove Williams was the perpetrator. Williams' argument conflates weight and sufficiency; the premise of his argument is that Sadusky's and Greenberg's testimony is not credible. He points to minor discrepancies in both Sadusky's and Greenberg's testimony with respect to the duration of the robbery and the description of the gloves the perpetrators were wearing during the robbery. It is only when contradictory evidence is substantial and goes to a material issue, tending "to undermine the integrity of the verdict that the court, feeling the pangs of conscience, should intervene to take from the jury its fact-finding role." *Commonwealth v. Yocum*, 418 A.2d 534 (1980). Thus, even uncorroborated testimony of a prosecution witness may be sufficient to convict if the trier of fact finds the witness credible.

*Fahy*, *supra*.   We find the evidence sufficient to support the verdict.  This claim is meritless.[7]

Next, Williams argues the verdict was against the weight of the evidence.

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.  A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion.  A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations and footnote omitted).

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.  Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.  One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the

---

[7] We note that a challenge to the weight of the evidence concedes that the evidence was sufficient to sustain the verdict.  *Commonwealth v. Manley*, 985 A.2d 256 (Pa. Super. 2009); *Commonwealth v. Davis*, 799 A.2d 860, 865 (Pa. Super. 2002).

verdict was or was not against the weight of the evidence and
that a new trial should be granted in the interest of justice.

*Id.* at 753 (citations omitted).

Here, Williams' argument again focuses on the inconsistencies between Sadusky's and Greenberg's testimony describing the gloves the perpetrators were wearing. N.T. Trial, 5/6/13, at 148-49, 155. Williams points to Sadusky's statement that she had kept both pairs of gloves in her home, but only one pair of gloves was found there. *Id.* at 143, 179-180. He also points to inconsistencies in Sadusky's and Greenberg's testimony as to the type of gloves worn. *Id.* at 150-51, 164. Further, Williams assails Sadusky's credibility because she pled guilty to reduced charges. Williams claims that this is reason to question her veracity. We disagree.

The jury was free to resolve any inconsistencies in the Commonwealth's favor. *See Commonwealth v. Horne*, 89 A.3d 277, 286 (Pa. Super. 2014) (appellant could not prevail on weight of the evidence claim as "the jury resolved the inconsistencies among the testimonies as it saw fit and reached a verdict."). The trial court acknowledged "minimal inconsistent testimony," but stated that it was "anything but shocked by the jury's verdict," instead finding the evidence "overwhelmingly" established Williams' guilt. Trial Court Opinion, 1/13/16, at 5. Other than pointing out minor inconsistencies in their testimony, Williams has failed to produce any valid argument suggesting that Greenberg's and Sadusky's testimony should be considered so uncertain as to cause the verdict to shock the court's

conscience. After our review of the record and the arguments on appeal, we find no abuse of discretion in the court's determination that its conscience was not shocked by the jury's verdict. **Widmer**, **supra**. Accordingly, Williams' weight claim does not warrant relief.

Finally, Williams claims his sentence is illegal pursuant to **Alleyne**, **supra** and **Newman**, **supra**.[8] Williams had a prior record score of 4. The court imposed a standard-range sentence on the robbery charge, 60 to 120 months' imprisonment, and a consecutive standard range sentence of 48 to 96 months' imprisonment on the criminal conspiracy to commit robbery charge. The court sentenced Williams to a standard-range sentence of 12 to 24 months' imprisonment on the criminal trespass charge, also to be served consecutively. The remaining counts, theft, receiving stolen property, and criminal conspiracy to commit theft, merged with robbery. N.T. Sentencing, 7/8/13, at 6-7. Thus, the court imposed an aggregate standard-range sentence of 120 to 240 months' (ten to twenty years) incarceration. As the court stated, "had [Williams] received a mandatory five-year pursuant to section 9712(a), his argument would be correct." Trial Court Opinion, 1/13/16, at 6. However, despite the fact that the Commonwealth stated

_____

[8] In **Alleyne**, the United States Supreme Court held that a fact that increases the sentencing floor is an element of the crime and, therefore, must be submitted to the factfinder and proven beyond a reasonable doubt. **Alleyne v. United States**, 570 U.S., 133 (2013). **See also Newman**, **supra** (Pennsylvania Supreme Court declared mandatory minimum sentencing scheme found in Section 9712.1 unconstitutional in its entirety).

that it would seek a mandatory five-year minimum on the robbery charge, N.T. Sentencing, 7/8/13, at 3, the court made no determination that the mandatory minimum applied, and instead stated that it was imposing sentence under the standard guideline ranges. *Id.* at 6-7. Moreover, the sentencing order and court commitment form indicate no mandatory minimum term was imposed. Therefore, *Alleyne* is not implicated, and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016